IN THE

# SUPREME COURT

OF

# NEW JERSEY,

APRIL TERM, 1791.

---

[45]] EXECUTORS OF TODD v. PARKER AND MERSHON.

1. When one of the defendants makes a tender of the debt to plaintiff's executor, while in another state and on another business, before he had acted or was qualified to act as executor, a refusal to accept the money thus offered, will not bar the recovery of interest.

2. The value of continental money when paid as principal of debt, must be regulated by the tables; in the payment of interest, it must be taken at its nominal value. There must be reasonable notice of making a tender.

This was an action of debt on a bond for £732, York money, payable with interest, and dated May 22d, 1761.

Plea, payment.

The defence taken was, that the debt had been tendered to Lewis, one of the executors, who refused to receive it, and, therefore, could claim no interest.

In support of this defence, a witness swore that he called on Mr. Lewis, one of the executors, then a member of congress, at Philadelphia, and tendered him £1000, on behalf

54

Executors of Todd v. Parker and Mershon.

of Parker, from whom he showed a letter of instructions. Lewis declined receiving the money, alleging he had not acted as executor, or been qualified to act.

KINSEY, C. J. The question in this case is, whether the facts stated by the witness on the part of the defendants, are sufficient to exonerate them from the payment of interest, subsequent to the time of the tender.

The witness states that Lewis, though appointed an executor, never had acted, or been qualified to act in that capacity. On this ground, it would be extraordinary, and, we think, highly unreasonable, that the act of Lewis, even supposing any blame could be attached to him, should prejudice the demand in question.

But we think that had he assumed the duties of an executor, it would have amounted to the same thing, because the tender was made in another state, while he was engaged in other and public business. Besides, it appears, from the testimony of the same witness, that no previous no-[46]-tice was given to Mr. Lewis of the proposed tender. No man is compelled to carry his bonds about with him, and, under all these circumstances, we are of opinion that such a refusal would not bring the plaintiffs within the spirit of the law which allows a deduction of interest, when the non-payment of the debt has proceeded from the laches of the creditor. As to the rate of the continental money, it has been repeatedly ruled in this court, that when a bond was not wholly paid off, all payments of continental money, so far as they affect the principal, are to be liquidated according to the tables of depreciation; but in the payment of interest, it is to be taken at its nominal value. See *Pledger* v. *Wade*, 1 *Bay*. 35.

Verdict for plaintiff, £1070 10s. 7½d.